1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

8   MOSES FLORES,                                      No.  1:13-cv-1783 AWI-GSA

9              Plaintiff,

10         v.                                          **ORDER DISMISSING COMLAINT WITH**
                                                       **LEAVE TO AMEND**
11   CHILI'S BAR AND GRILL and COLIN
     BUTTERFIELD,
12
            Defendants.                                **(Doc. 1)**
13

14
15
16                               **I.   INTRODUCTION**
17
            Plaintiff Moses Flores ("Plaintiff"), proceeding *pro se* and *in forma pauperi*s, filed this
18
     civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has named Chili's Bar and Grill and
19
     Collin Butterfield as Defendants ("Defendants").  (Doc. 1).  For the reasons discussed below,
20
     Plaintiff's complaint is dismissed with leave to amend.
21
                                 **II.   DISCUSSION**
22
       **A.  Screening Standard**
23
            Pursuant to 28 U.S.C. § 1915(e), the Court must conduct an initial review of Plaintiff's
24
     complaint for legal sufficiency.  The Court must dismiss a complaint, or portion thereof, if it
25
     determines that the action is legally "frivolous or malicious;" "fails to state a claim upon which
26
     relief may be granted;" or "seeks monetary relief against a defendant who is immune from such
27
     relief."  28 U.S.C. § 1915(e)(2).  If a complaint fails to state a valid claim, the Court may grant
28

1

leave to amend to the extent the deficiencies may be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S.662 (2009), set forth a "plausibility" standard which a complaint must meet to sufficiently state a claim. While not a probability requirement, *Twombly* and *Iqbal's* plausibility standard requires a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678. Rather than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 and 570. In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true. Legal conclusions couched as factual allegations are not, however, entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not accepted as true). In sum, after *Twombly* and *Iqbal*, a complaint cannot simply allege the plaintiff's entitlement to relief; rather, it has to demonstrate the plausibility of any claimed entitlement with relevant facts.

The Court notes that the pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt. *Id*.

**B.  Plaintiff's Allegations**[1]

Plaintiff alleges that he worked as a Line Cook at Chili's Bar and Grill in Hanford,

---

[1] The Court has extracted many of these facts from the exhibits attached to Plaintiff's complaint. Plaintiff is advised that his amended complaint must contain specific facts and details sufficient for the Court to ascertain whether he has stated a claim.

California.  He contends he was discharged from his employment on or about May 22, 2012 because he is Hispanic. In particular, he alleges that his employer harassed him while he attempted to complete his job duties, he was denied work hours that were given to white employees, and that he was unlawfully terminated for behaviors that management accepted from white employees.  He also alleges he was denied promotions and pay increases because he is Hispanic.  Plaintiff would like his employment reinstated, back pay, as well as any other damages or relief the Court deems appropriate.

**C. Analysis**

**1. 42 U.S.C. § 1983**

Plaintiff's has filed a civil rights complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in federal court.

42 U.S.C. § 1983 provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.[2] *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Moreover, §1983 requires that there be an actual connection or link between the actions of the defendant and the constitutional deprivation allegedly suffered.  *See Monell v. Department of Social Services*,

---

[2] The question of whether a person who has allegedly caused a constitutional injury was acting under color of state law is a factual determination. *See Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002); *Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).  A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000).

436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Here, Plaintiff has not alleged a constitutional violation and reference to this statute is not applicable to this case.  However, a review of the facts reveals that Plaintiff may be attempting to file an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e *et seq* ("Title VII").  Accordingly, the Court will provide Plaintiff with the legal standards for these causes of action.  Plaintiff is advised that he must provide specific examples of the alleged misconduct including particular facts identifying the misconduct, when the conduct occurred, and who was involved.  Plaintiff is further advised that the causes of action must be clearly organized so that there is one cause of action for each alleged violation of law.  Moreover, any amended complaint must clearly identify which defendant is named under each cause of action.   In order for the Court to properly screen Plaintiff's complaint, it must be clear which defendants are alleged to have committed each specific violation.  Finally, any amended complaint must contain all necessary allegations for each cause of action and defendant's actions must be linked to the specific violation of law alleged.  Mere speculation regarding a defendant's behavior or making legal conclusions is not sufficient to state a claim.

### 2.  Title VII Claims

#### a) Exhaustion Requirement

As a threshold matter, Plaintiff is informed that Title VII has exhaustion requirements that must be met prior to filing a court action. 42 U.S.C.§ 2000(e) et seq. A person seeking relief under Title VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). Once a

person receives this letter, he has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff submitted evidence of exhaustion with the instant complaint.  An amended complaint shall also include proof that this exhaustion requirement was satisfied.

   *b)  Disparate Treatment*

42 U.S.C. § 2000e-2(b) provides that it shall be an unlawful employment practice for an employer to fail to refuse, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  To establish a prima facie case of disparate treatment under Title VII Plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Adverse employment action is broadly defined. *Ray v. Henderson,* 217 F.3d 1234, 1241 (9th Cir.2000); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (collecting cases). Adverse employment action exists where an employer's action negatively affects an employee's compensation. *See, Little v. Windermere Relocation, Inc*., 301 F.3d 958, 970 (9th Cir. 2002) (holding that a reduction in base monthly pay was an adverse employment action even though with commission and bonuses it might have equaled the same net pay); cf. *University of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1105-06 (9th Cir. 1999) (holding that receiving pay even a couple of days late can seriously affect an employee's financial situation and constitutes substantial impairment under the Contracts Clause).

Plaintiff should keep in mind that Title VII does not provide a cause of action for

damages against supervisors or fellow employees. *Holly D. v. California Institute of Technology*, 339 F.3d 1158 (9th Cir. 2003).

    c)  *Hostile Work Environment*

To establish a prima facie case for a hostile-work environment claim, Plaintiff must establish that: (1) the defendants subjected the plaintiff to verbal or physical conduct based on his race [or one of the other protected classes]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive working environment. *Surrell v. California Water Service Co.*, 518 F. 3d 1097, 1108 (9th Cir. 2008) *citing Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003).

Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (discussing Title VII). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Id*. (internal citation omitted); *see also Jordan v. Clark*, 847 F.2d 1368, 1374-75 (9th Cir.1988) (finding no hostile work environment where "off-color" jokes were told in workplace).

### III.   CONCLUSION

For the reasons stated above, the complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff chooses to amend the instant complaint, he shall carefully consider the standards and guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable claims.  The document shall bear the case number assigned to this action and be labeled "First Amended Complaint."  Plaintiff is hereby notified that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the original complaint.  *See* Local Rule 220.  Thus, as previously noted, Plaintiff shall provide specific facts in support of his

claims and establish that he exhausted his administrative remedies in the amended complaint.

Plaintiff shall file a first amended complaint within thirty (30) days of the date of service of this order, curing the deficiencies in his original complaint as identified by the Court above. Plaintiff is advised that *failure to file a first amended complaint within the time specified will result in the dismissal of this action.*

IT IS SO ORDERED.

Dated:   **June 16, 2014**                  **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE