UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES,<br><br>            Plaintiff,<br><br>      v.<br><br>CHILI'S BAR AND GRILL and COLIN BUTTERFIELD,<br><br>            Defendants. | No. 1:13-cv-1783 AWI-GSA<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 26)** |

### I.   INTRODUCTION

Plaintiff Moses Flores ("Plaintiff"), proceeding *pro se* and *in forma pauperi*s, filed a Second Amended Complaint ("SAC") alleging civil rights violations. Plaintiff has named Chili's Bar and Grill and Colin Butterfield as Defendants ("Defendants"). [1] (Doc. 26). For the reasons discussed below, Plaintiff's complaint is dismissed and Plaintiff will granted leave to amend.

///

///

---

[1] It is unclear whether Collin Butterfield is a named Defendant since his name is not specifically listed in the caption of the SAC, however, he was listed in the first pleading and the instant pleading contains numerous allegations against him.

1

## II. DISCUSSION

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e), the Court must conduct an initial review of Plaintiff's complaint for legal sufficiency. The Court must dismiss a complaint, or portion thereof, if it determines that the action is legally "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If a complaint fails to state a valid claim, the Court may grant leave to amend to the extent the deficiencies may be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), set forth a "plausibility" standard which a complaint must meet to sufficiently state a claim. While not a probability requirement, *Twombly* and *Iqbal's* plausibility standard requires a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678. Rather than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 and 570. In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true. Legal conclusions couched as factual allegations are not, however, entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not accepted as true). In sum, after *Twombly* and *Iqbal*, a complaint cannot simply allege the plaintiff's entitlement to relief; rather, it has to demonstrate the plausibility of any claimed entitlement with relevant facts.

The Court notes that the pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). Accordingly, *pro se* pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt. *Id*.

### B. Plaintiff's Allegations

In the SAC, Plaintiff is alleging unlawful termination from his job because of his race. The Complaint is fifty-one pages long and consists of a long narrative of his experiences while he was working as a Line Cook at Chili's Bar and Grill in Hanford, California.   More particularly, it appears he contends he was discharged from his employment because he is Hispanic.  Although not entirely clear, it seems that Plaintiff alleges that his employer harassed him while he attempted to complete his job duties, and that he was unlawfully terminated for behaviors that management accepted from white employees.  He also alleges he was denied promotions and pay increases because he is Hispanic.  Plaintiff would like his employment reinstated, back pay, a promotion to a supervisor position at any location he desires, as well as any other damages or relief the Court deems appropriate.

### C. Analysis

*1. Rule 8*

As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal,* 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 579, and while factual allegations are accepted as true, legal conclusions are

not. *Id*. at 678.

In this instance, Plaintiff's fifty-one page SAC sets forth a long narrative of how Plaintiff was wronged and a myriad of claims against several defendants. The complaint is confusing because it unnecessarily contains numerous extraneous facts and legalese and therefore fails to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims, and for each claim, briefly and clearly providing the facts so that the Court and Defendants can read and understand them. *Bautista v. Los Angeles Cnty*., 216 F.3d 837, 840-41 (9th Cir. 2000).

Given that Rule 8(a) requires a short and plain statement of the claim, the Court will allow Plaintiff one more opportunity to amend his claims. However, the Third Amended Complaint shall be limited to twenty-five pages, excluding exhibits. This page limit is sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.

A review of the facts reveals that Plaintiff may be attempting to file an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e *et seq* ("Title VII"). Accordingly, the Court will provide Plaintiff with the legal standards for these causes of action. Plaintiff is advised that he must *briefly* provide specific examples of the alleged misconduct including particular facts identifying the misconduct, when the conduct occurred, and who was involved. Plaintiff is further advised that the causes of action must be clearly organized so that there is one cause of action for each alleged violation of law. Moreover, any amended complaint must clearly identify which defendant is named under each cause of action. In order for the Court to properly screen Plaintiff's complaint, it must be clear which defendants are alleged to have committed each specific violation. Finally, any amended complaint must contain all necessary allegations for each cause of action and defendant's actions must be linked to the specific violation of law alleged. Mere speculation regarding a defendant's behavior or making assumptions and drawing legal conclusions is not sufficient to state a claim.

The Court recognizes that Plaintiff is proceeding pro se and it is mindful of its obligation to liberally construe pro se pleadings. However, Plaintiff is clearly literate and capable of confining himself to setting forth relevant facts. It is Plaintiff's obligation to file a complaint that complies with Rule 8(a). The Third Amended Complaint must be sufficiently organized and easy to read so that the Court can assess the facts surrounding Plaintiff's case and assess whether he has stated a claim.

### 1. Title VII Claims

*a) Exhaustion Requirement*

As a threshold matter, Plaintiff is informed that Title VII has exhaustion requirements that must be met prior to filing a court action. 42 U.S.C.§ 2000(e) et seq. A person seeking relief under Title VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff must outline how he has exhausted his administrative remedies and that he has met this requirement in the Third Amended Complaint.

*b) Disparate Treatment*

42 U.S.C. § 2000e-2(b) provides that it shall be an unlawful employment practice for an employer to fail to refuse, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of disparate treatment under Title VII Plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and

(4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Adverse employment action is broadly defined. *Ray v. Henderson,* 217 F.3d 1234, 1241 (9th Cir.2000); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (collecting cases). Adverse employment action exists where an employer's action negatively affects an employee's compensation. *See, Little v. Windermere Relocation, Inc*., 301 F.3d 958, 970 (9th Cir. 2002) (holding that a reduction in base monthly pay was an adverse employment action even though with commission and bonuses it might have equaled the same net pay); cf. *University of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1105-06 (9th Cir. 1999) (holding that receiving pay even a couple of days late can seriously affect an employee's financial situation and constitutes substantial impairment under the Contracts Clause).

Plaintiff should keep in mind that Title VII does not provide a cause of action for damages against supervisors or fellow employees. *Holly D. v. California Institute of Technology*, 339 F.3d 1158 (9th Cir. 2003). Therefore, he is unable to name his supervisors or fellow employees in any amended complaint alleging a Title VII violation.

    c) *Hostile Work Environment*

To establish a prima facie case for a hostile-work environment claim, Plaintiff must establish that: (1) the defendants subjected the plaintiff to verbal or physical conduct based on his race [or one of the other protected classes]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive working environment. *Surrell v. California Water Service Co.*, 518 F. 3d 1097, 1108 (9th Cir.

2008) *citing Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003).

Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (discussing Title VII). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Id*. (internal citation omitted); *see also Jordan v. Clark*, 847 F.2d 1368, 1374-75 (9th Cir.1988) (finding no hostile work environment where "off-color" jokes were told in workplace).

### III. CONCLUSION

For the reasons stated above, the complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff chooses to amend the Third Amended Complaint, he shall carefully consider the standards and guidelines set forth in this order and only file an amended complaint if he believes he can allege a cognizable claims. ***The Third Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limit***. The document shall bear the case number assigned to this action and be labeled "Third Amended Complaint." Plaintiff is hereby notified that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the original complaint. *See* Local Rule 220. Thus, as previously noted, Plaintiff shall provide specific facts in support of his claims, and establish that he exhausted his administrative remedies in the amended complaint.

Plaintiff shall file a third amended complaint within **thirty (30) days** of the date of service of this order, curing the deficiencies in the second amended complaint as identified by the Court above. Plaintiff is advised that this will be the last opportunity to amend the complaint since he has been given two prior opportunities to do so.

***Finally, failure to file a third amended complaint within the time specified will result in***

***a recommendation that this action be dismissed. Plaintiff is encouraged to seek legal counsel in this matter as his case presents complex legal issues.***

IT IS SO ORDERED.

Dated: **September 1, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE