UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES FLORES,<br><br>            Plaintiff,<br><br>      v.<br><br>CHILI'S BAR AND GRILL and COLIN BUTTERFIELD,<br><br>            Defendants. | No.  1:13-cv-1783 DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE IN FOURTEEN (14) DAYS |

Plaintiff Moses Flores ("Plaintiff"), proceeding *pro se* and *in forma pauperi*s, filed a Third Amended Complaint ("TAC") on February 3, 2016, alleging he was unlawfully terminated from his employment at Chili's Bar and Grill ("Chili's") based on his race. (ECF No. 34.)  Plaintiff has named Chili's and Colin Butterfield[1] as Defendants ("Defendants"), and alleges several causes of action under Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq* ("Title VII"), as well as several violations under the Universal Declaration of Human Rights, G.A. Res. 217A, U.N. Doc. A/810 (1948) (the "Declaration"). (Doc. 26).

Under Federal Rule of Civil Procedure 41(b), the Court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

---

[1] It is unclear whether Collin Butterfield is a named Defendant in the TAC because he is not specifically listed in the caption.  However, Defendant Butterfield was named in the first complaint, and the body of the TAC contains numerous allegations against him. Therefore, the Court will address claims brought against this Defendant.

1

dismiss the action or any claim against it." FED. R. CIV. P. 41(b); *see also Hells Canyon Preservation Council v. U. S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (providing that that courts may involuntary dismiss a case under Rule 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders) (citations omitted).  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co*., 158 F.3d 1051, 1057 (9th Cir. 1998)).

Plaintiff is required to keep the Court apprised of his current address at all times. *See* CAED-LR 183.  Local Rule 183(b) provides:

> **Address Changes.**  A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id*.

On December 11, 2013, an order was issued by U.S. Magistrate Judge Gary S. Austin informing as follows:

> 8. A plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute.** *See* Local Rule 183(b).

2

(ECF No. 5, p. 3.) (emphasis as in original).

Despite this clear instruction, mail sent to Plaintiff has been returned as undeliverable on at least five occasions since this case was filed in 2013. Most recently, the Court issued a minute order granting in part a motion for an extension of time to file objections to the Court's Findings and Recommendations. (ECF No. 40.) That order stated that:

> Plaintiff is further advised that pursuant to Local Rule 183, he shall advise the Court of any changes in his address pursuant to Local Rule 182(f). Failure to do so may result in dismissal of this action pursuant to Local Rule 183(b).

*Id*. The Court attempted to serve this order upon Plaintiff by mail. However, the mail was returned as undeliverable on July 22, 2016. Plaintiff has not attempted to update his mailing address since that time.

Plaintiff's failure to comply with this Court's rules and orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *See In re PPA* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *See id.* at 1228-29; *Carey*, 856 F.2d at 1441.

## RECOMMENDATION

For the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2017**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE